IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLARENCE CLAY,                    )
                                  )
            Plaintiff,            )
                                  )
      v.                          )        CIVIL ACTION NO. 2:14cv131-WKW
                                  )
MYRON H. THOMPSON, et al.,        )
                                  )
            Defendants.           )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Clarence Clay, proceeding *pro se*, brings civil rights claims against a number

of federal judges and prosecutors[1] arising from their acts in connection with Clay's attempts

– both in this court and the Court of Appeals for the Eleventh Circuit – to have his April

2003 federal criminal conviction set aside.  Clay alleges that the defendant "officers of the

Court hatched a scheme to deprive plaintiff of his civil rights by way of abuse of process"

(Complaint, ¶ 22) and implemented this conspiracy by litigating against or participating

judicially in ruling against the plaintiff (id., ¶¶ 23-49) in his challenges to his conviction.

Plaintiff asserts claims pursuant to federal civil rights statutes (42 U.S.C. §§ 1983, 1985,

1986, and 1988); Bivens v. Six Unknown Federal Narcotic Agents, 403 U.S. 388 (1971); and

the First and Fifth Amendments to the Constitution. He also brings "an action in equity

---

[1]  Plaintiff sues Judges Thompson and Coody of this court and Judges Wilson, Anderson, Barkett, Tjoflat, Black, Birch, and Carnes of the United States Court of Appeals for the Eleventh Circuit; he also sues Magistrate Judge Moorer of this court, formerly an Assistant United States Attorney (AUSA) in the office of the U.S. Attorney for this district, and AUSAs Franklin and Adams.

against agents of the United States of America, pursuant to Title 5 U.S.C. 702." (Complaint, pp. 1-2). Plaintiff seeks equitable relief only, including a judgment setting aside "any and all judgments [against him] that are found to be secured by constitutional and statutory violations[.]" (Id., pp. 27-28).[2,3]

---

[2] Defendants also understand plaintiff's claims to challenge his judgment of conviction. (Doc. # 18, pp. 1-2). However, in his response to the motion to dismiss, plaintiff explains that – while he included certain allegations of fact "solely for the purpose of background reference" (Doc. # 21, pp. 2-3) – his claims for relief pertain to "the post-conviction procedural defects exercised by the Defendants" and he does not seek in this action to overturn his underlying criminal conviction. (Id., p. 5)(citing the Complaint at pp. 26-27 (*ad damnum* clause)); see also id. at p. 6 (pointing out that his "request for relief shows no relationship to his criminal judgment"); Complaint at ¶ 22 (alleging that, after Clay raised a vital issue in his § 2255 motion, "[t]he officers of the Court hatched a scheme to deprive plaintiff of his civil rights"), ¶¶ 56 - 61 (expressly referencing paragraphs 20 through 45 within the six "Cause[s] of Action"). If the court were to construe plaintiff's complaint to attempt to litigate his § 2255 petition, his Rule 60 motion, and/or his § 1651 petition for *coram nobis* relief in the *present* action, his claims for relief necessarily would challenge the judgment of conviction directly, but plaintiff expressly disclaims his intention to do so. Because plaintiff's claims for relief may be fairly read to challenge only the judgments and orders in his post-conviction proceedings (see Complaint, p. 27), the court construes the complaint as plaintiff insists that it should. Thus, based on plaintiff's complaint and his clarification of the nature of his claims in his response to the motion to dismiss, the court treats plaintiff's complaint as seeking a judgment setting aside the judgments and orders in his post-conviction proceedings and enjoining the defendants to re-litigate those post-conviction proceedings.

[3] Plaintiff does not specify whether he sues the defendants in their individual capacities, in their official capacities, or in both. He seeks only "declaratory and/or injunctive relief[.]" (Complaint, p. 27). As noted above, plaintiff sues for an injunction requiring the defendants to re-litigate his various post-conviction proceedings – *e.g.*, asking "that the parties litigate Plaintiff's grounds that have not been litigated on constitutional grounds in any courtroom proceeding as required under 28 U.S.C. 2255[,]" and, as to the petition for a writ of *coram nobis* that plaintiff filed pursuant to 28 U.S.C. § 1651, "consider[] ... his miscarriage of justice claim in connection to the actual innocent issue[.]" (Id., ¶¶ B, C). The relief plaintiff seeks suggests official-capacity claims, as does his reliance on the Administrative Procedures Act and the fact that he provides only office addresses for the defendants. However, plaintiff's citation to Bivens and the civil rights statutes as the bases for his conspiracy claims suggests individual-capacity claims. Defendants have treated the complaint as asserting claims against them in their individual capacities only (see Doc. # 18, p. 11). Construing the *pro se* pleading liberally, however, the court construes it to assert claims for declaratory relief against each defendant in both capacities, and claims for injunctive relief against

Defendants contend that plaintiff's claims are due to be dismissed because: (1) the judicial defendants are absolutely immune from suit for actions they took in their judicial capacities; (2) the defendant Assistant United States Attorneys ("AUSAs") – including United States Magistrate Judge Terry F. Moorer, sued in this case for actions he took in his former position as an AUSA (see Complaint, ¶¶ 4, 23, 56) – are absolutely immune for actions they performed as advocates for the United States in judicial proceedings; (3) the claims are a direct challenge to plaintiff's criminal conviction and, therefore, are barred by Heck v. Humphrey, 512 U.S. 477 (1994); and (4) the court lacks personal jurisdiction over

---

each defendant in his or her official capacity only. See Young Apartments, Inc. v. Town of Jupiter, Florida, 529 F.3d 1027, 1046-48 (11th Cir. 2008)(applying "course of proceedings" test to determine the capacity in which § 1983 defendants were sued); Harris v. Ostrout, 65 F.3d 912, 915 (11th Cir. 1995)(pro se complaint construed "more liberally than ... the complaint of a represented party"); United States v. State of Alabama, 791 F.2d 1450, 1457 (11th Cir. 1986)(while motion for preliminary injunction in a § 1983 action against Alabama State Board of Education members "did not specify whether the intervenors sued these Board members in their official or personal capacities[,]" Court of Appeals construed it to seek to enjoin the Board members their official capacities, as "[t]he Board members' decision not to approve the teacher education programs at issue was an official action ..., not one undertaken by individuals acting independently of their offices"); see also Trackwell v. United States Government, 472 F.3d 1242, 1244 (10th Cir. 2007)("Mr. Trackwell has not sought damages. And his request that the Clerk transmit his application to Justice Breyer is an act that the Clerk can perform only in his official capacity. Accordingly, we construe Mr. Trackwell's claim against the Clerk as an official-capacity claim."); Frank v. Relin, 1 F.3d 1317, 1327 (2nd Cir. 1993)("The [district] court apparently viewed the reinstatement claim, sua sponte, as one to which Relin's defense of qualified immunity was applicable. However such equitable relief could be obtained against Relin only in his official, not his individual, capacity[.]"); Del Raine v. Carlson, 826 F.2d 698, 703 (7th Cir. 1987)(stating, in dicta, that "[a] suit against federal officers in their official capacity (which this suit would have to be to the extent that it sought types of relief, such as expungement or earlier-than-otherwise release from prison, that only officials and not private individuals can provide) is a suit against the United States[.]").

the defendants, as they have not been served properly.  (See Doc. # 18, p. 2).[4]  Upon

consideration of the motion and plaintiff's response in opposition (Doc. ## 20, 21), the court

concludes that plaintiff's claims are due to be dismissed for lack of subject matter

jurisdiction.

## DISCUSSION

### Motion to Dismiss Standard

To overcome a defendant's Rule 12(b)(6) motion, the complaint must include "a short

and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ.

P. 8(a)(2).  The complaint must include factual allegations sufficient "to raise a right to relief

above the speculative level."  Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements" are insufficient to state a claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009)(citing Twombly, 550 U.S. at 555).   Courts considering motions to dismiss first

"eliminate any allegations in the complaint that are merely legal conclusions" and, then,

determine whether the well-pleaded factual allegations of the complaint – assuming their

veracity – "'plausibly give rise to an entitlement to relief.'" See American Dental Ass'n v.

Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)(citing Iqbal, 129 S.Ct. at 1950).  In

---

[4]  As defendants also note, a 42 U.S.C. § 1983 claim requires action under color of state law.
(Doc. # 18, p. 7 n. 4).  Plaintiff alleges no facts suggesting a basis for liability under § 1983 against
any defendant. See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995)("A § 1983 suit challenges
the constitutionality of the actions of state officials; a Bivens suit challenges the constitutionality of
the actions of federal officials.").

4

considering a Rule 12(b)(6) motion, the court "'limits its consideration to the pleadings and exhibits attached thereto.'"  Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006)(quoting Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000)(per curiam); see also  Fuller v. SunTrust Banks, Inc., 744 F.3d 685, 695-96 (11th Cir. 2014)(also noting the general rule).  When the exhibits attached to a complaint contradict its allegations, the court is not required to accept the allegations as true.  Griffin Industries v. Irvin, 496 F.3d 1189, 1205-06 (11th Cir. 2007).  Additionally,  while the court construes pro se pleadings liberally, it "may not act as de facto counsel or 'rewrite an otherwise deficient pleading in order to sustain an action.'"  Porter v. Duval County School Bd., 406 F. App'x. 460, 462 (11th Cir. 2010)(unpublished opinion; citation omitted).  Similarly, in determining whether plaintiff's complaint sufficiently alleges a basis for subject matter jurisdiction, the allegations of the complaint are taken as true.  Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).[5]

---

[5]  Thus, the court may consider the 25 exhibits plaintiff has appended to his complaint in deciding whether plaintiff's allegations state a claim for relief, as well as whether his complaint sufficiently alleges a basis for subject matter jurisdiction.  Additionally, throughout his complaint, plaintiff refers to the court's docket in the underlying criminal action and the subsequent proceedings. See Complaint, ¶ 17 ("See Criminal docket entry for Motion of Acquittal filed on February 27, 2003 herein Criminal Docket Entry 803"), ¶ 20 ("See criminal docket entry 836"), ¶¶ 22-24, 28-31, 33-36 (pointing to civil docket entries); Criminal docket, 2:99-cr-137-MHT-CSC; Civil Docket, 2:05-cv-854-MHT-CSC. Because plaintiff incorporates the docket of the court proceedings giving rise to his claims by reference and relies on it to clarify his allegations (see e.g., id. at ¶ 33), the court also considers its own docket in evaluating plaintiff's claims. See SFM Holdings Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010)("In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.").

**Individual-Capacity Claims**

<u>Jurisdiction</u>

As noted above, plaintiff does not seek monetary damages from any defendant; he

demands equitable relief only.  (<u>See</u> Complaint, pp. 27-28).  While the defendants have not

challenged the jurisdiction of this court, the court must examine its own jurisdiction to

entertain plaintiff's claims.  <u>Bochese v. Town of Ponce Inlet</u>, 405 F.3d 964, 975 (11th Cir.

2005).  To the extent that plaintiff sues the defendants in their individual capacities, his claim

for declaratory relief raises the question of standing.[6]

> It is by now well settled that "the irreducible constitutional minimum of standing contains three elements.  First, the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

<u>United States v. Hays</u>, 515 U.S. 737, 742-43 (1995)(quoting <u>Lujan v. Defenders of Wildlife</u>,

504 U.S. 555, 560-61 (1992)).  "The party invoking federal jurisdiction bears the burden of

establishing these elements.  Since they are not mere pleading requirements but rather an

indispensable part of the plaintiff's case, each element must be supported in the same way

as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and

---

[6]  <u>See</u> <u>Bischoff v. Osceola County, Florida</u>, 222 F.3d 874, 877-82 (11th Cir. 2000)("As the Supreme Court made clear in <u>United States v. Hays</u>, 515 U.S. 737, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995), '[t]he question of standing is not subject to waiver ... . "The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines."'").

degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561 (citations omitted).

The allegations of plaintiff's complaint, accepted as true and construed in the light most favorable to the plaintiff, fail to demonstrate that he has standing to pursue his claims for declaratory relief against the individual-capacity defendants.[7]  Even assuming injury and causation, the third constitutional standing element – redressability – is lacking.  Because the defendants in their *personal* capacities do not have the power or authority to take any action at all with respect to plaintiff's federal legal proceedings – in other words, their authority to act in such proceedings resides entirely in their official status as federal judges and prosecutors – a declaratory judgment against these individual-capacity defendants would not alter the legal relationship between the parties in any way.  Cf. Hewitt v. Helms, 482 U.S. 755, 761 (11th Cir. 1987)("In all civil litigation, the judicial decree is not the end but the means. At the end of the rainbow lies not a judgment, but some action (or cessation of action) by the defendant that the judgment produces – the payment of damages, or some specific performance, or the termination of some conduct.  Redress is sought *through* the court, but *from* the defendant. This is no less true of a declaratory judgment suit than of any other action. The real value of the judicial pronouncement – what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion – is in the settling of

---

[7]  Because this court resolves the issue of standing on the basis of plaintiff's pleadings and the law, without resolving disputed issues of fact, no evidentiary hearing is required. Cf. Bischoff, 222 F.3d at 879-882 (evidentiary hearing on issue of standing is required where the court must decide disputed factual questions or make credibility findings).

7

some dispute *which affects the behavior of the defendant towards the plaintiff*.")(emphasis in original); see <u>Mayfield v. United States</u>, 599 F.3d 964, 972-73 (9th Cir. 2010)(plaintiff lacked standing to pursue his claim for declaratory relief where he had "bargained away all other forms of relief" in a settlement agreement with the government and, without an injunction, the declaratory judgment sought by plaintiff would not require the government to take action to redress his alleged injury); <u>Okpalobi v. Foster</u>, 244 F.3d 405, 427 (5th Cir. 2001)(*en banc*)("Because these defendants have no powers to redress the injuries alleged, the plaintiffs have no case or controversy with these defendants that will permit them to maintain this action in this court."); <u>Scott v. Taylor</u>, 405 F.3d 1251, 1259 (11th Cir. 2005)(Jordan, D.J., sitting by designation, concurring)("Standing, moreover, concerns the congruence or fit between the plaintiff and the defendants ... .  Thus, in a suit against state officials for injunctive relief, a plaintiff does not have Article III standing with respect to those officials who are powerless to remedy the alleged injury."); 28 U.S.C. § 516 (conduct of litigation reserved to Department of Justice).  Plaintiff's allegations do not establish a substantial likelihood that his claimed injury will be redressed by a favorable decision against the individual-capacity defendants.  Thus, he has failed to demonstrate that he has standing to pursue his claims for declaratory relief against these defendants,[8] and these claims are due

---

[8]  The fact that plaintiff may have Article III standing to pursue a claim for damages against the individual-capacity defendants (a claim he does not assert in this action), or to pursue claims for equitable relief against the defendants in their official capacities, does not affect the court's analysis of his claim for declaratory relief against the defendants in their personal capacities.  See <u>Friends of the Earth, Inc. v. Laidlaw Env. Serv., Inc.</u>, 528 U.S. 167, 185 (2000)("[A] plaintiff must demonstrate standing separately for each form of relief sought."); <u>I.L. v. Alabama</u>, 739 F.3d 1273, 1279 (11th Cir.

to be dismissed without prejudice for lack of jurisdiction.[9]

## Absolute Immunity

The judicial defendants assert that plaintiff's claims against them are barred in their entirety by absolute judicial immunity. (Doc. # 18, pp. 8-10).[10] "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the '"clear absence of all jurisdiction."'" Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)(quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). The absolute immunity accorded to federal judges extends to claims for injunctive and declaratory relief. Bolin, 225 F.3d at 1242-43; Simmons v. Edmondson, 225 F. Appx. 787, 788 (11th Cir. 2007)(unpublished opinion)("The question in this case is the same as that considered in Bolin, and the answer is dictated by that case. Because federal judges are

_____

2014)("Because standing cannot be 'dispensed in gross,' we address standing for each category of claims separately.")(citation omitted).

[9] Dismissal of these claims should be based on lack of subject matter jurisdiction only. Boda v. United States, 698 F.2d 1174, 1177 n. 4 (11th Cir. 1983)("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds. This dismissal is without prejudice.); but see Feit v. Ward, 886 F.2d 848, 858 (7th Cir. 1989)(concluding in dicta that, because the declaratory and injunctive relief plaintiff requested "can be obtained only from the defendants in their official capacities, not as private individuals[,]" the complaint failed to state a claim upon which relief may be granted against individual-capacity Bivens defendants). The undersigned Magistrate Judge discusses non-jurisdictional bases for dismissal to present alternate grounds for the presiding District Judge's consideration in the event he concludes that the court has subject matter jurisdiction to proceed on the individual-capacity claims for declaratory relief.

[10] Judicial immunity is an affirmative defense. Boyd v. Carroll, 624 F.2d 730,732-33 (5th Cir. 1980). It may, nevertheless, support a Rule 12(b)(6) dismissal if the defense is established on the face of the complaint. LeFrere v. Quezada, 582 F.3d 1260, 1263 (11th Cir. 2009); Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984).

immune to injunctive and declaratory relief, and because the defendants in this case are all federal judges, the district court did not err in dismissing the complaint for failure to state a claim.").

"Whether a judge's actions were made while acting in his [or her] judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his [or her] judicial capacity." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see Stump, 435 U.S. at 362 ("The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."). It is beyond question that the acts of which plaintiff complains were performed by the defendant judges in their judicial capacities; plaintiff's claims arise entirely from the judges' entry of recommendations, orders, and/or judgments in favor of the United States in the post-conviction legal proceedings that plaintiff initiated. See Complaint, ¶¶ 24-49, 56-61; see also Forrester v. White, 484 U.S. 219, 227 (1988)(observing, in *dictum*, that "[w]hen applied to the paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court, the doctrine of absolute judicial immunity has not been particularly controversial"). Plaintiff's allegations that the judicial decisions at issue failed

to address his claims and contentions adequately or correctly and that they resulted from a conspiracy to deprive him of his civil rights do not remove those decisions from the realm of "judicial acts" to which absolute immunity applies.  See Bolin, 225 F.3d at 1239 ("This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.").[11]

Plaintiff contends that absolute immunity does not apply "because Clay seeks declaratory and injunctive relief."  (Doc. # 21, p. 2).  However, as noted above, absolute judicial immunity bars such claims for equitable relief.  Bolin, 225 F.3d at 1242-43; Simmons, 225 F. App'x. at 788.  Plaintiff also argues that "judges are not immune when they act in absence of all jurisdiction or act in the face of clearly valid statutes expressly depriving him of jurisdiction."  (Doc. # 21, p. 8).  Plaintiff's contention here appears to be that the defendant judges were without jurisdiction to rule on his various motions, petitions, and appeals because they lacked jurisdiction to make judicial decisions that violated his constitutional and/or statutory rights.  (Id.).  However, a judicial decision that is

---

[11]  The only facts alleged in the complaint (including attachments) to demonstrate the judicial defendants' participation in the conspiracy are the judicial acts they performed in his cases.  These judicial acts may not be considered in determining whether plaintiff has sufficiently alleged a conspiracy against these defendants.  Gottschalk v. Gottschalk, 2011 WL 2420020, *6 (11th Cir. Jun. 16, 2011); Dykes v. Hosemann, 776 F.2d 942, 945-46 (11th Cir. 1985)(concluding that allegation that judge agreed with a party, prior to the judicial proceedings, to rule in that party's favor was insufficient to overcome judicial immunity; observing that, otherwise, "... judges, on mere allegations of conspiracy or prior agreement could be hauled into court and made to defend their judicial acts, the precise result judicial immunity was designed to avoid"); Scott v. Dixon, 720 F.2d 1542, 1546-47 (11th Cir. 1983). Plaintiff's conclusory allegations of conspiracy do not overcome the judges' absolute immunity.

unconstitutional or contrary to statute may nevertheless fall within the court's jurisdiction. See Mireles v. Waco, 502 U.S. 9, 13 (1991)("[T]he Court of Appeals did not reach the second part of the immunity inquiry: whether Judge Mireles' actions were taken in the complete absence of all jurisdiction.  We have little trouble concluding that they were not. If Judge Mireles authorized and ratified the police officers' use of excessive force, he acted in excess of his authority. But such an action – taken in the very aid of the judge's jurisdiction over a matter before him – cannot be said to have been taken in the absence of jurisdiction."); Stump, 435 U.S. at 356 ("[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction *over the subject matter before him*.")(emphasis added).  Plaintiff does not allege or contend that the defendant judges did not have subject matter jurisdiction to entertain and rule on his various post-conviction petitions and motions; the allegations of the complaint, including the attached exhibits, demonstrate that they did. See 28 U.S.C. §§ 1291, 2253, 2255.

Plaintiff's final contention in opposition to the judges' assertion of absolute judicial immunity is that 5 U.S.C. § 702, the Administrative Procedures Act, expressly allows his action against the defendant judges.  (Doc. # 21, pp. 8-9).  However, the provision on which plaintiff relies provides a limited waiver of the *sovereign* immunity of the United States as to claims for equitable relief brought by a person aggrieved by federal agency action.  See 5 U.S.C. § 702; Vero Technical Support, Inc. v. U.S. Dept. of Defense, 437 F. App'x. 766,

768 (11th Cir. 2011). The APA does not speak to the issue of whether the defendant federal judges are entitled to absolute judicial immunity in their personal capacities. It is evident, on the face of plaintiff's complaint, that the individual-capacity judicial defendants are entitled to absolute immunity as to all of plaintiff's claims.

The AUSA defendants (Judge Moorer and AUSAs Franklin and Adams) assert that they, too, are entitled to absolute immunity as to plaintiff's claims. (Doc. # 18, p. 10). As plaintiff argues, however (see Doc. # 21, pp. 9-10), the protection of absolute prosecutorial immunity does not extend to claims for equitable relief. Tarter v. Hury, 646 F.2d 1010, 1012 (5th Cir. Jun. 1, 1981)(§ 1983 case); see also Bolin, 225 F.3d at 1242 (citing Tarter and declining to decide whether federal prosecutors should be distinguished from state prosecutors as to equitable relief); Baxter v. Washington, 201 F. App'x. 656, 658 (11th Cir. 2006)(in a Bivens case against an AUSA, stating that "[a]lthough prosecutors are immune from damages for actions intimately associated with the judicial process, they are susceptible to claims for declaratory relief"). Thus, the AUSA defendants are not entitled to dismissal of plaintiff's claims for equitable relief on the basis of absolute immunity.

Failure to State a Claim for Equitable Relief

"In order to receive declaratory or injunctive relief, plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." Bolin, 225 F.3d at 1242. The alleged conspiracy to violate plaintiff's constitutional and statutory rights resulted, according

to the complaint, in procedural errors in plaintiff's post-conviction proceedings and in rulings adverse to him in both this court and the Court of Appeals.  Even *assuming* that the various recommendations, judgments and rulings plaintiff challenges were erroneous, plaintiff's right to seek review of adverse rulings through objection, appeal, petition for mandamus, and petition for certiorari demonstrates an adequate remedy at law for any injury flowing from those rulings.  See id. at 1242-43 ("[T]here is an adequate remedy at law for the violations alleged by plaintiffs in their complaint.  Specifically, plaintiffs may appeal any rulings, or actions taken, in their criminal cases not only to this Court but also to the Supreme Court.  In addition, plaintiffs may seek an extraordinary writ such as a writ of mandamus in either this Court or the Supreme Court.");  Kapordelis v. Carnes, 482 F. App'x. 498, 499 (11th Cir. 2012)(concluding that the plaintiff was not entitled to declaratory relief on his claims against federal appellate judges for abuse of judicial process in deciding his appeals because "... he possesses an adequate remedy at law: Kapordelis may pursue Supreme Court review of the challenged decisions.");  Sibley, 437 F.3d at 1074 ("Sibley is ineligible for equitable relief because he had access to the appellate process, a remedy at law[.]");  Sibley v. U.S. Supreme Court, 136 F. App'x. 252, 254 (11th Cir. 2005).  Because Clay has an adequate remedy at law, he has not stated and cannot state a viable claim for equitable relief against the defendant judges.

## Official-Capacity Claims

### Sovereign Immunity

14

This court lacks subject matter jurisdiction to entertain a claim barred by the sovereign immunity of the United States.  Thus, the court must consider whether the plaintiff's claims fall within this bar.  Construing plaintiff's *pro se* pleading broadly, plaintiff seeks a judgment from this court vacating the judgments in his post-conviction proceedings as rendered in violation of his statutory and constitutional rights, as well as an injunction requiring the "parties" to re-litigate his post-conviction proceedings.  (See Complaint, p. 27; see also n. 2, *supra*).  In general, a suit against a federal officer in his or her official capacity is a suit against the United States if the effect of the judgment would restrain the government from acting or compel it to act.  Dugan v. Rank, 372 U.S. 609, 620 (1963).  However, a plaintiff may be able to obtain injunctive relief – even an injunction compelling affirmative action – against a federal officer acting in his official capacity "when the officer acts beyond statutory or constitutional limitations." Doe v. Wooten, 376 F. App'x. 883, 884 (11th Cir. 2010); see Doe v. Wooten, 747 F.3d 1317, 1321 n. 1 (11th Cir. 2014); Saine v. Hospital Authority of Hall County, 502 F.2d 1033 (5th Cir. 1974). To invoke this "ultra vires" exception to sovereign immunity, the complaint "must do more than simply allege that the actions of the officer are illegal or unauthorized." Ala. Rural Fire Ins. Co. v. Naylor, 530 F.2d 1221, 1226 (5th Cir. 1976). The plaintiff must, instead, allege *facts* sufficient to establish that the exception applies – *i.e.*, that the officer acted beyond his or her specified powers or, if not, that the officer's exercise of the powers or the powers themselves are unconstitutional.  See Dugan v. Rank, 372 U.S. 609, 621-22 (1963); Danos v. Jones, 652 F.3d 577, 583-84 (5th Cir.

15

2011).  Stripped of its conclusory allegations – including those of conspiracy – the complaint fails to allege facts sufficient to demonstrate that any of the named defendants exceeded their authority or exercised it in an manner that violated plaintiff's constitutional rights.[12]  Thus, the allegations of the complaint are not sufficient to invoke the "ultra vires" exception to sovereign immunity.

Plaintiff contends that he is entitled to review of defendants' actions under the Administrative Procedures Act, 5 U.S.C. § 702 (APA). The APA waives sovereign immunity as to review of specified "agency action." (Id.).  However, it expressly excepts "the courts of the United States" from its definition of "agency."  5 U.S.C. § 701(b)(1)(B).  Thus, the judicial decisions plaintiff challenges are not subject to review under the APA.  Additionally, the actions of the AUSA defendants in presenting arguments for the defendant judges' consideration are not "final agency action[s]" subject to APA review.  5 U.S.C. § 704; see Bennett v. Spear, 520 U.S. 154, 178 (1997)(to be final, "the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow'")(citation omitted); Franklin v. Massachusetts, 505 U.S. 788, 797 (1992)(in

---

[12]   The court will not here repeat plaintiff's allegations.  However, excluding plaintiff's conclusory allegations of conspiracy (see e.g., Complaint at ¶¶ 22, 49,50,51,52,55), the complaint includes no allegation of any post-conviction conduct by defendant Franklin and asserts no claim against him (see id., ¶ 3 and pp. 21-26).  While plaintiff includes an allegation regarding defendant Birch's participation in his appeal (id., ¶ 13), plaintiff also asserts no claim against Judge Birch (see id., pp. 21-26). Plaintiff's allegations as to each of the remaining defendants are set forth within the following paragraphs of the complaint: Moorer (¶¶ 4, 23, 56); Coody (¶¶ 5, 25, 26, 29, 33, 34, 40, 56-58, 60); Thompson (¶¶ 27, 29, 30, 35, 41, 42, 56-58, 60 ); Black (¶¶ 12, 30); Adams (¶¶ 6, 31-33, 44, 45, 58, 61); Carnes (¶¶ 7, 37, 38, 59); Tjoflat (¶¶ 8, 38, 59); Wilson, Anderson, and Barkett (¶¶ 9, 10,11 (respectively) and ¶¶ 46, 47, 61).

determining whether an agency action is final, "[t]he core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will *directly* affect the parties")(emphasis added).  Thus, plaintiff's claims do not fall within the APA's waiver of sovereign immunity.

Plaintiff does not cite 28 U.S.C. § 1361 as a basis for his claims and does not demand mandamus relief expressly.  However, in view of plaintiff's *pro se* status, the court has considered whether plaintiff's claims for relief may fall within the waiver of sovereign immunity provided by this statute.[13]  See Stevens v. Colt, 2011 WL 1500599, * 1 n. 2 (11th Cir. Apr. 20, 2011)(unpublished opinion)("[I]t is well-established that 28 U.S.C. § 1361 confers original jurisdiction over claims for mandamus relief and waives sovereign immunity for this type of action.").  The court concludes that they do not.  The statute does not apply to claims seeking to compel action by federal judges. Klayman v. Kollar-Kotelly, 892 F.Supp.2d 261, 264 (D.D.C. 2012), *affirmed*, 2013 WL 2395909 (D.C. Cir. May 20, 2013); Walk v. Thurman, 2012 WL 3292934, *4 (D. Utah Aug. 10, 2012); Wall v. DOJ, 2010 WL 4923736, *6 (D. Conn. Nov. 29, 2010); Smith v. Krieger, 643 F.Supp.2d 1274, 1280-81 (D. Colo. 2009); see Trackwell, 472 F.3d at 1246-47.[14]

---

[13]  The statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

[14]  An appropriate court, in appropriate circumstances, may issue a writ of mandamus against a federal judge under the All Writs Act, 28 U.S.C. § 1651.  See *e.g.*, U.S. v. Fernandez-Toledo, 737 F.2d 912 (11th Cir. 1984).  However, "[t]he Act does not create subject matter jurisdiction for courts where such jurisdiction would otherwise be lacking. ... Instead, the Act provides courts with a

As to AUSA defendants Moorer, Franklin, and Adams, "[t]he test for jurisdiction is whether mandamus would be an appropriate means for relief.  Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003)(internal citation, alteration brackets and quotation marks omitted).  Accepting the non-conclusory allegations of his complaint as true, plaintiff has failed to allege a clear, non-discretionary duty that any of the AUSA defendants owes to the plaintiff and has failed to perform. See Stevens, 2011 WL 1500599 at * 1 ("Stevens failed to demonstrate entitlement to mandamus relief sufficient to sustain mandamus jurisdiction. Specifically, he failed to identify a clear, non-discretionary duty owed by Colt and Hoopes to provide Stevens with documents supporting the notices of lien and levy.")(footnote omitted).

The underlying basis for plaintiff's previous challenges to his conviction is his contention – which is incorrect, as a matter of law, as explained by the Eleventh Circuit on

---

procedural tool to enforce jurisdiction they have already derived from another source." Burr & Forman v. Blair, 470 F.3d 1019, 1027 (11th Cir. 2006)(citations omitted); see Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1229 (11th Cir. 2005)("The purpose of the power codified in [the All Writs Act] is to allow courts 'to protect the jurisdiction they already have, derived from some other source.'")(quoting Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1099 (11th Cir. 2004)); In re Russell, 155 F.3d 1012 (8th Cir. 1998)(Eighth Circuit Court of Appeals had no jurisdiction under the All Writs Act to issue a writ of mandamus to the Court of Veterans Appeals, because the United States had not waived its sovereign immunity as to review of VA procedures in any court other than the Court of Veterans Appeals, Federal Circuit Court of Appeals, and the Supreme Court); Krieger, 643 F.Supp.2d at 1291 (All Writs Act did not constitute a waiver of sovereign immunity of defendant federal judge in lawsuit filed in district court alleging constitutional violations).

plaintiff's direct appeal of his conviction – that the quantity of drugs attributable to him is an element of the drug conspiracy offense for which he was convicted, as to which the jury must unanimously agree, regardless of whether the quantity is used to impose a sentence over the statutory maximum. See Complaint, ¶¶ 17-22 and Exhibits 3, 4; Civil Action No. 2:05cv854-MHT, Doc. # 1, p. 5; id. at p. 6, ¶ 13 ("None of the grounds listed in my 28 U.S.C. § 2255 petition[] have been raised in my previous appeals[,] with the exception being the drug amount quantities that were decided by the preponderance of the evidence standard, and based sole[l]y on judicial discretion."), Doc. # 2, pp. 4-14; U.S. v. Clay, 376 F.3d 1296, 1300-01 (11th Cir. 2004)(plaintiff's direct appeal)("Clay contends that his conspiracy conviction should be reversed because the jury could not unanimously agree that the amount of drugs alleged in the superseding indictment should be attributed to Clay.  No authority supports this *Apprendi*-related contention[.] ...Clay's contention is that because the jury was asked to ascertain the quantity of drugs for which he was accountable and was unable to unanimously agree on that, the government failed to meet its burden of proving every element of the charge beyond a reasonable doubt.  *The flaw in Clay's reasoning is that the specific quantity of drugs for which he was accountable is not an element of the crime charged.*")(emphasis added).

In his present complaint, as noted previously (*supra*, n. 12), plaintiff alleges no post-conviction conduct by defendant Franklin and asserts no claim against him.  Thus, plaintiff claims no failure on the part of Franklin to perform any duty at all and the complaint fails to

establish mandamus jurisdiction as to this defendant.  Plaintiff's claim against defendant Moorer rests on his alleged failure to address the issue regarding the validity of Clay's conviction in light of the jury's failure to agree on drug quantity and his alleged attempt to "cloak Clay's trial issue into an Apprendi issue." (Complaint, ¶¶ 23, 56).  To the extent that AUSA Moorer had a duty to brief the issue raised by Clay, the court concludes that such duty was owed to the court and to the government, not to the plaintiff.  Further, even assuming that AUSA Moorer owed a non-discretionary duty *to the plaintiff* to brief the issue, the government's response to plaintiff's § 2255 motion (attached to plaintiff's complaint as Exhibit 7) demonstrates that defendant Moorer did not fail to perform this duty. The response shows, instead, that he *did* address plaintiff's contention that his defense counsel was ineffective for failing to challenge whether his conviction was proper where the jury did not reach a decision as to drug quantity; indeed, defendant Moorer noted (correctly) that plaintiff's counsel had raised this very issue on direct appeal and the Court of Appeals had decided it adversely to the plaintiff.  Defendant Moorer's reference to *Apprendi* is contained within his description of the Eleventh Circuit's decision on appeal.  (Complaint, Exhibit 7 at pp. 3, 11).[15] Thus, the exhibits attached to plaintiff's complaint themselves contradict its

---

[15]  Plaintiff appears to take issue with the characterization of the issue as "*Apprendi*-related." This characterization is correct, as the issue presented on direct appeal was whether drug quantity becomes an element of the offense *only* in the *Apprendi* context – *i.e.*, "only when it may be used to impose a sentence above the statutory maximum." Clay, 376 U.S. at 1300 (Issue No. 3).  In short, the Eleventh Circuit answered this question in the affirmative; it explained that plaintiff's challenge to his underlying conviction on the basis of the jury's failure to agree unanimously on the quantity of drugs attributable to Clay lacks merit because the specific quantity of drugs is not an element of the crime. Id. at 1301.

allegations as to defendant Moorer's failure to address plaintiff's drug-quantity contention.[16] While the court must accept the allegations of the complaint as true in determining whether it has mandamus jurisdiction (Cash, 327 F.3d at 1258), it need not do so as to those allegations of the complaint that are contradicted by its own exhibits.  Cf. Griffin Industries, 496 F.3d at 1205-06 (discussing the effect of exhibits that contradict allegations within the body of the complaint in the context of a Rule 12(b)(6) motion; Simmons v. Peavy-Welsh Lumber Co., 113 F.2d 812, 813 (5th Cir. 1940)("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.").  Thus, plaintiff's complaint fails to establish mandamus jurisdiction as to defendant Moorer.

Similarly, plaintiff's allegations as to defendant Adams reveal no clear, non-discretionary duty that she owed to the plaintiff and failed to perform.  Plaintiff contends that Adams: (1) ignored the claims he raised in his Rule 60 motion (Complaint, ¶¶ 31-33); (2) in her Eleventh Circuit brief on appeal of the district court's ruling on his motion for a writ of error *coram nobis*, relied on the Magistrate Judge's recommendation – allegedly known by Adams to be a "falsified Court document" because it indicated "that Clay's arguments concerning the trial Court's directing the jury's verdict in violation of the Federal Rules of

---

[16]  Judge Coody also expressly addressed plaintiff's ineffective assistance of counsel claim that his counsel failed to challenge his conviction *and* sentence on the basis of the jury's failure to reach a unanimous decision on the amount of drugs attributed to Clay. (Civil Action No. 2:05cv854-MHT, Doc. # 57, pp. 9-12).

Criminal Procedure 31(a) has been litigated on previous occasions" (id., ¶¶ 44-45)[17]; and (3) "falsely" contended that the claim he raised in his Rule 60 motion had been litigated previously (id., ¶ 58).  The exhibits attached to the complaint and the documents filed in plaintiff's legal proceedings and incorporated by reference within his complaint reveal that Adams addressed the issues Clay raised in his Rule 60 motion by contending that all but the evidentiary hearing issue should be treated as a successive federal *habeas* motion, and that plaintiff was not entitled to an evidentiary hearing in his § 2255 proceeding. (*Compare* Doc. ## 99 and 102 in Civil Action No. 2:05cv854-MHT, referenced in   ¶¶ 31-33 of the complaint).  Adams pointed out, correctly, that the non-unanimous jury verdict claim that Clay asserted in his Rule 60 motion had been raised on direct appeal and decided adversely to Clay by the Eleventh Circuit.  (Doc. # 102, p. 8 n. 5; Clay, 376 F.3d at 1300-01; see also Exhibit 21 to Complaint at p. 3 (Clay's description, in his objection to the recommendation on the *coram nobis* petition, of the issues he had raised on direct appeal).  Additionally, in the allegedly falsified recommendation on which Adams relied on appeal of the *coram nobis* petition, Judge Coody acknowledged the slight variations in the manner in which Clay has presented his issue, but found that "'any new arguments by Clay in support of such claims could clearly have been asserted in the previous proceedings.'" (Exhibit 22 to Complaint, Adam's brief on appeal of denial of *coram nobis* petition at p. 6)(quoting Judge Coody's recommendation)).  Plaintiff's allegations of misconduct by Adams – disregarding Clay's

---

[17]   The cited rule provides that "[t]he jury must return its verdict to a judge in open court. The verdict must be unanimous." Fed. R. Crim. P. 31(a).

conclusory allegations and considering the exhibits appended to his complaint and the court records that Clay incorporates by reference – do not establish that Adams had a clear, non-discretionary duty to the plaintiff to refrain from contending that his non-unanimous jury verdict issue had been litigated previously or to address each of his contentions on the merits rather than on other grounds.  To the extent that plaintiff contends that Adams had a duty to him to refrain from making false representations to the court regarding his previous litigation, the documents on which Clay relies do not show (or even suggest) that Adams breached this duty.  Thus, Clay's complaint fails to demonstrate that this court has mandamus jurisdiction as to plaintiff's claims against defendant Adams.

Plaintiff's complaint fails to establish a waiver of sovereign immunity as to the official-capacity defendants and, thus, the court lacks subject matter jurisdiction to entertain plaintiff's claims against these defendants.[18]

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendants' motion to dismiss (Doc. #17) be GRANTED and that:

(1) plaintiff's claims for declaratory relief against all of the individual-capacity defendants be DISMISSED without prejudice for lack of subject matter jurisdiction, as the

---

[18]   In the alternative, as discussed above with respect to the individual-capacity defendants, plaintiff's claims for equitable relief fail on the merits, as he has not alleged and cannot establish the absence of an adequate remedy at law for the claimed infringements of his statutory and constitutional rights.  In view of the court's conclusions regarding subject matter jurisdiction, immunity, and whether plaintiff's allegations demonstrate the absence of an adequate remedy at law, it does not reach defendants' remaining arguments.

plaintiff lacks standing to pursue these claims; and

(2) plaintiff's claims against the official-capacity defendants also be dismissed without prejudice for lack of subject matter jurisdiction, as plaintiff's allegations do not demonstrate that the United States has waived its sovereign immunity as to these claims.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before July 10, 2014.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 26th day of June, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE